UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID VINCENT CARSON,<br><br>          Plaintiff,<br><br>v.<br><br>F. MARTINEZ, et al.,<br><br>          Defendants. | Case No.: 16cv1736-JLS (BLM)<br><br>**ORDER**<br><br>**(1) GRANTING PLAINTIFF'S MOTION FOR DISCOVERY [ECF No. 16]**<br><br>**AND**<br><br>**(2) SUA SPONTE GRANTING PLAINTIFF AN EXTENSION OF TIME TO SERVE DEFENDANT NEVAREZ PURSUANT TO FED. R. CIV. P 4(m)** |

On November 21, 2016, David Vincent Carson ("Plaintiff"), a state prisoner currently incarcerated at the Correctional Training Facility Center in Soledad, California, and proceeding *pro se*, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. ECF No. 1 ("Comp."). Plaintiff alleges that fourteen named and unidentified correctional, medical, and inmate appeals officials at Richard J. Donovan Correctional Facility ("RJD") violated his First, Eighth, and Fourteenth Amendment rights while he was incarcerated there in 2013 and 2014. Id. at 4-13. On August 15, 2016, the Court granted Plaintiff's Motion to Proceed *in forma pauperis* ("IFP"), found all claims but those against three named Defendants sufficient to survive the initial screening, and directed the United States Marshal Service ("USMS") to effect service on Plaintiff's behalf

pursuant to 28 U.S.C. § 1915(d) and Fed. R. Civ. P. 4(c)(3).  ECF No. 3.

On August 15, 2016, the Clerk issued a summons and prepared an "IFP package" including certified copies of Plaintiff's Complaint, a U.S. Marshal Form 285 ("USMS Form 285") for each Defendant named in the Complaint, and a copy of the Court's order granting Plaintiff leave to proceed IFP.  ECF Nos. 3, 4.  Service upon Defendants Godinez, Silva, Casian, Arguilez, Bracamonte, Garcia, Seibel, Larocco, and Martinez was executed by the USMS and waivers of personal service were filed on their behalf.  ECF Nos. 6-14.  However, a summons was returned unexecuted as to Defendant Nevarez.  ECF No. 5; see also ECF No. 16, Exh. A.  The USMS notified Plaintiff that it was unable to execute service upon Defendant Nevarez at RJD because Defendant Nevarez is not employed at RJD.  ECF No. 16, Exh. A.

On November 21, 2016, Plaintiff signed a "Notice and Motion for Discovery Points and Authorities," which the Court accepted on discrepancy on November 30, 2016.  ECF Nos. 15, 16.  Plaintiff argues that because he is a prisoner and because Defendant Nevarez was not employed at RJD when USMS attempted to execute service of summons, he "has no other reasonable recourse other than to implore this honorable court to order the Attorney General [or the Litigation Coordinator] to furnish the [USMS] with [Defendant Nevarez's] address information" so that he may be served.  ECF No. 16 at 2.  The Court construes this as a confidential address request.

I.  **Fed. R. Civ. P. 4 Service Rules**

Rule 4 of the Federal Rules of Civil Procedure provides that:
[i]f a defendant is not served within 90 days after the complaint is filed, the court-on motion or on its own after notice to the plaintiff-must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court shall extend time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

In cases involving a plaintiff proceeding IFP, a United States Marshal, upon order of the court, shall serve the summons and the complaint.  Fed. R. Civ. P. 4(c)(3); 28 U.S.C. § 1915(d) (in IFP proceedings, "[t]he officers of the court shall issue and serve all process, and perform

all duties in such cases."). "'An incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint and . . . should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or court clerk has failed to perform his duties.'" Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting Puett v. Blandford, 912 F.2d 270, 273 (9th Cir. 1990), abrogated on other grounds by Sandin v. Conner, 515 U.S. 472 (1995)). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause . . . .'" Walker, 14 F.3d at 1422 (quoting Sellers v. United States, 902 F.2d 598, 603 (7th Cir. 1990)). However, where a *pro se* plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the court's *sua sponte* dismissal of any unserved defendants is appropriate. Walker, 14 F.3d at 1421-22; see also Rochon v. Dawson, 828 F.2d 1107, 1110 (5th Cir. 1987) (noting that plaintiff "may not remain silent and do nothing to effectuate service"; rather, "[a]t a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent defects of which [he] has knowledge.").

    Here, the Court finds Plaintiff has provided information "necessary to sufficiently identify" Defendant Nevarez as a Correctional Officer at RJD when the alleged claims occurred. See Comp. at 9, 14, 15. Plaintiff has provided this information to the USMS and already has attempted to effect service upon Defendant Nevarez at RJD, his last known place of employment, but to no avail. ECF No. 5.

    The Court finds that Plaintiff should not be penalized with dismissal as to Defendant Nevarez simply because Nevarez no longer is employed at RJD. Accordingly, as long as Defendant Nevarez's forwarding address can be easily ascertained by reference to the CDCR's personnel records, Plaintiff is entitled to rely on the U.S. Marshal to effect service upon Defendant Nevarez on his behalf. See Puett, 912 F.2d at 275. The Court hereby directs the Deputy Attorney General assigned to this case to contact the Litigation Coordinator at RJD and/or the CDCR's Legal Affairs Division and obtain Defendant Nevarez's current address from RJD's or the CDCR's records. The Deputy Attorney General should then forward that address to

the USMS in a confidential memorandum.[1]  The USMS must effectuate service using the new address without additional paperwork from Plaintiff.

## II. Conclusion and Order

Accordingly, the Court hereby:

1) **GRANTS** Plaintiff's motion for discovery [ECF No. 16] and **ORDERS** the Deputy Attorney General assigned to this case[2] to provide the forwarding address to the U.S. Marshal in a confidential memorandum stating that the summons and complaint are to be delivered to the address provided.  The Attorney General's Office must provide the U.S. Marshal with any such information by **December 21, 2016**.  If the Attorney General cannot locate the address for Defendant Nevarez, he must file a declaration by that same date stating such, and explain why the address could not be provided.

**Within 30 days** of receipt of any available address from the Attorney General, the Court **ORDERS** the U.S. Marshal to serve a copy of Plaintiff's complaint and summons on Defendant Nevarez.  All costs of service shall be advanced by the United States Pursuant to the Court's August 15, 2016 Order granting Plaintiff leave to proceed IFP and directing service pursuant to 28 U.S.C. § 1915(d) and Fed. R. Civ. P. 4(c)(2).  ECF No. 3; and

2) **GRANTS** Plaintiff an extension of time in which to file service upon Defendant Nevarez pursuant to Fed. R. Civ. P. 4(m).[3]  Although Plaintiff does not expressly seek a Rule

---

[1] In Graham v. Satkoski, 51 F.3d 710 (7th Cir. 1995), the Seventh Circuit specifically noted that "prisoners often get the 'runaround' when they attempt to obtain information through governmental channels and [encounter] needless attendant delays in litigating a case [as a] result." Graham, 713 F.3d at 713.  However, while a "state prison may be justifiably reluctant to provide employee addresses to a prisoner . . . due to security concerns, it can hardly claim the same reluctance in providing the information to a federal law enforcement agency." Id.

[2] No Deputy Attorney General has yet formally appeared in this case, so there is no attorney name provided on the docket to receive service.  But, some Defendants have filed waivers of service.  Those waivers are signed by John P. Walters of the Office of the Attorney General. ECF Nos. 6-14.  Additionally, Plaintiff attached a letter from Mr. Walters to the instant motion, which explains that the Office of the Attorney General represents the served defendants in this case.  ECF No. 16, Exh. B.  The Court therefore **ORDERS** that a copy of this order be served on Mr. Walters.

[3] See Mann v. American Airlines, 324 F.3d 1088, 1090 (9th Cir. 2003) (holding that district court

1  4(m) extension, good cause exists warranting a short extension.  See Walker, 14 F.3d at 1422.

2       3)  **IT IS FURTHER ORDERED** that the Clerk provide the Attorney General's Office an "IFP Package" consisting of: (1) this Order; (2) a copy of the Court's August 15, 2016 Order Granting IFP and Directing U.S. Marshal Service [ECF No. 3]; (3) a certified copy of his Complaint [ECF No. 1]; (4) an alias summons; and (5) a blank USMS Form 285 for purposes of re-attempting service upon Defendant Nevarez.  Both the Attorney General's Office and the Office of the U.S. Marshal, however, are **ORDERED** to keep the address provided strictly confidential.  Thus, the address may not appear on any U.S. Marshal Form 285, may not be provided to Plaintiff, and may not be made part of the Court's record.

     **IT IS SO ORDERED.**

Dated:  12/1/2016

*Barbara L. Major*
Hon. Barbara L. Major
United States Magistrate Judge

---

may, under the broad discretion granted by Fed. R. Civ. P. 4(m), extend time for service retroactively after the service period has expired).

5

16cv1736-JLS (BLM)