# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID VINCENT CARSON, CDCR #J-19886,<br><br>                           Plaintiff,<br><br>vs.<br><br>F. MARTINEZ, et al.<br><br>                          Defendants. | Case No.: 3:16-cv-1736-JLS-BLM<br><br>**ORDER (1) ADOPTING REPORT AND RECOMMENDATION, AND (2) DISMISSING COMPLAINT**<br><br>(ECF Nos. 18, 26) |

Presently before the Court is Judge Barbara L. Major's Report and Recommendation ("R&R") on Defendants G. Casian, M.D., C. Godinez, A. Larocco, D. Garcia, D. Arguilez, K. Seibel, F. Martinez, A. Silva, and P. Bracamonte's Motion to Dismiss Plaintiff's Complaint. (ECF No. 26.) No party filed an objection or reply to Judge Major's R&R. For the following reasons the Court (1) **ADOPTS** Judge Major's R&R with certain modifications, and (2) **DISMISSES** Plaintiff's Complaint.

/ / /

/ / /

/ / /

/ / /

## BACKGROUND

Judge Major's R&R contains a thorough and accurate recitation of the factual and procedural histories underlying the instant Motion to Dismiss. (*See* R&R 1–5.[1]) This Order incorporates by reference the background as set forth therein.

## LEGAL STANDARD

Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1) set forth a district court's duties regarding a magistrate judge's report and recommendation. The district court "shall make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(c); *see also United States v. Raddatz*, 447 U.S. 667, 673–76 (1980). In the absence of a timely objection, however, "the Court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note (citing *Campbell v. U.S. Dist. Court*, 510 F.2d 196, 206 (9th Cir. 1974)).

## ANALYSIS

As discussed, neither Plaintiff nor moving Defendants filed an objection or reply to Judge Major's R&R. And after review of the moving papers and Judge Major's R&R the Court finds "that there is no clear error on the face of the record" and thus the Court may "accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note (citing *Campbell*, 510 F.2d at 206). Accordingly, the Court **ADOPTS** Judge Major's R&R and **GRANTS** Defendants' Motion to Dismiss (ECF No. 18). However, while Judge Major recommends that the Court dismiss with prejudice Plaintiff's Eighth Amendment claim against Defendant Arguilez, (*see* R&R 15), and his First Amendment retaliation claim against Defendant Nevarez, (*id.* at 18), the Court will allow Plaintiff an opportunity to re-

---

[1] Pin citations to docketed material refer to the CM/ECF numbers electronically stamped at the top of each page.

plead these claims with additional factual allegations that may be sufficient to state a claim. While the Court entertains serious doubts about Plaintiff's ability to do so, the Court is mindful that it should grant leave to amend a complaint "unless the pleading could not possibly be cured by the allegation of other facts, and should be granted more liberally to pro se plaintiffs." *Ramirez v. Galaza*, 334 F.3d 850, 861 (9th Cir. 2003) (internal quotation marks omitted). This is particularly warranted in this case because the Court is dismissing Plaintiff's first complaint, and he has not otherwise had an opportunity to amend.

## CONCLUSION

For the foregoing reasons, the Court (1) **ADOPTS** Judge Major's R&R with the above-mentioned modifications, and (2) **DISMISSES** Plaintiff's Complaint. Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE** unless otherwise noted by Judge Major's R&R as adopted by the Court, (*see, e.g.*, R&R 8–9 (dismissing Plaintiff's claims against Defendants Seibel and Bracamonte without leave to amend because Plaintiff concedes his claims against those Defendants should be dismissed)). Accordingly, Plaintiff **SHALL FILE** an amended complaint, if any, <u>on or before thirty days from the date on which this Order is electronically docketed</u>. *Failure to file an amended complaint by this deadline may result in a dismissal of these claims for failure to prosecute.*

**IT IS SO ORDERED.**

Dated: August 3, 2017

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge