# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID VINCENT CARSON, CDCR #J-19886, <br><br> Plaintiff, <br><br> v. <br><br> F. MARTINEZ, et al. <br><br> Defendants. | Case No.: 16-CV-1736 JLS (BLM) <br><br> **ORDER DENYING MOTION TO APPOINT COUNSEL** <br><br> (ECF Nos. 37, 42) |

Presently before the Court is Plaintiff David Vincent Carson's Motion to Appoint Counsel, (ECF No. 37).[1] Plaintiff seeks appointment of counsel to assist him in this matter. (*Id.*) Plaintiff argues that "[t]he sheer number of claims and defendants makes this a factually complex case." (*Id.* at 5.) He also contends that he will have to present medical expert witnesses at trial and that he will be unable to locate or interview potential inmate

---

[1] After he filed his first Motion to Appoint Counsel, Plaintiff filed a Motion for Renewal/Reconsideration of Motion for Appointment of Counsel Currently in Abeyance/Undecided. (ECF No. 42.) Because the Court has a duty to construe pro se filing liberally, *see Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), the Court considers the filing to be a supplemental motion. The Court considers Plaintiff's arguments in both motions in reaching its conclusion.

witnesses who have been transferred to different institutions. (*Id.*) Plaintiff further argues that he has no legal training and this case presents complex legal issues. (*Id.* at 6.) Thus, Plaintiff moves for appointment of counsel.

There is no constitutional right to counsel in a civil case. *Lassiter v. Dep't of Social Servs. of Durham Cnty.*, 452 U.S. 18, 25 (1981). While under 28 U.S.C. § 1915(e)(1), district courts have some limited discretion to "request" that an attorney represent an indigent civil litigant, *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004), this discretion is rarely exercised and only under "exceptional circumstances." *Id.*; *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). A finding of exceptional circumstances requires "an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'" *Agyeman*, 390 F.3d at 1103 (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Plaintiff does not meet either element to demonstrate "exceptional circumstances." First, Plaintiff has not demonstrated his likelihood of success on the merits. Plaintiff states his "allegations, if proved, clearly would establish a constitutional violation." (ECF No. 37, at 6.) Plaintiff's qualifying language—"if proved"—is the lynchpin of his entire case. Anyone can allege a constitutional violation, what matters in evaluating the likelihood of success is proving those allegations. Plaintiff's motion does not address the merits of his claims, but rather concludes that he has a meritorious claim on its face.[2] On August 3, 2017, the Court adopted Judge Major's Report and Recommendation, granted Defendants' motion to dismiss, and dismissed Plaintiff's Complaint. (ECF No. 27.) Plaintiff has filed a First Amended Complaint and Defendants have answered. Because Plaintiff's claims

---

[2] Plaintiff's "supplemental" motion, (ECF No. 42), appears to incorporate Defendants' discovery responses as evidence that he is likely to prevail on the merits. (*See id.*, Ex. C, at 24 (Defendant Larocco's Responses to Plaintiff's First Set of Requests for Admissions).) Plaintiff is essentially asking the Court to make findings of fact and conclusions of law in his favor prior to him bringing, for example, a motion for summary judgment. The Court will not evaluate the merits of Plaintiff's case in an *ex parte* motion to appoint counsel.

were previously dismissed and his amended claims have not been re-evaluated by the Court, the likelihood of Plaintiff's success on the merits in this case is not yet clear.

Second, the pleadings and motions filed by Plaintiff to date demonstrate that while Plaintiff may not be a trained in law, he is capable of legibly articulating the facts and circumstances relevant to his claims, which are typical, straightforward, and not legally "complex." *Agyeman*, 390 F.3d at 1103. Therefore, neither the interests of justice nor any exceptional circumstances warrant the appointment of counsel in this case at this time. *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *see Terrell*, 935 F.2d at 1017. Plaintiff may, of course, re-apply should his case meet the "exceptional circumstances" outlined above.

Accordingly, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's Motion to Appoint Counsel, (ECF No. 37), and Plaintiff's "supplemental" Motion, (ECF No. 42).

**IT IS SO ORDERED.**

Dated: May 25, 2018

*[signature]*
Hon. Janis L. Sammartino
United States District Judge

3
16-CV-1736 JLS (BLM)