UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| DAVID VINCENT CARSON, | Case No.: 16cv1736-JLS (BLM) |
|---|---|
| Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION FOR THE APPOINTMENT OF AN INDEPENDENT MEDICAL EXPERT** |
| v. | |
| F. MARTINEZ, et al., | |
| Defendants. | **[ECF No. 47]** |

Currently before the Court are Plaintiff's "Motion for the Appointment of an Independent Medical Expert" [ECF No. 47 ("Mot.")], Defendants' opposition [ECF No. 51 ("Oppo.")], and Plaintiff's reply to Defendant's opposition [ECF No. 53 ("Reply")]. Having considered all of the briefing and supporting documents, and for the reasons set forth below, the Court **DENIES** Plaintiff's motion for appointment of an independent medical expert.

## **RELEVANT BACKGROUND**

On November 2, 2017, Plaintiff, a state prisoner proceeding *pro se* and *in forma pauperis*, filed a First Amended Complaint under 42 U.S.C. § 1983 against five correctional officers and one medical provider alleging violations of his constitutional rights. ECF No. 35 ("FAC"). Plaintiff claims that Dr. G. Casian, his primary care physician at Richard J. Donovan Correctional Facility, was deliberately indifferent to Plaintiff's serious medical needs in violation of the Eighth Amendment. FAC at 3, 8-12, 14-15. Plaintiff alleges that after he was assaulted in February

1

16cv1736-JLS (BLM)

2014, he requested medical care for extreme pain in his neck and left arm "with numbness, tingling, lightheadedness, headaches, dizziness, and decreased mobility affecting his daily life's activities." Id. at 5-8. Plaintiff claims Defendant Casian's "refusal and delay to provide reasonable medical treatment," including, *inter alia*, the termination of his previously granted permanent medical accommodation "chronos," caused him unnecessary pain and suffering.[1] Id. at 8-9, 14-15.

## DISCUSSION

Plaintiff asks the Court to appoint an independent medical expert of internal medicine with special knowledge in neurology and vascular diseases under Federal Rule of Evidence 706. Mot. at 1. In support, Plaintiff states that the appointment would assist the Court and jury "in understanding the complex issues of spinal cord damage resulting in radicular [neuropathy], fibromyalgi[a], atrophy, and Toracic Outlet Syndrome, their symptomology, causes, and treatments." Id. Plaintiff further states that an independent medical expert would examine Plaintiff and his medical records and submit an unbiased report of his opinions, findings, and determinations about the reasonableness of Plaintiff's medical care. Id. at 2, 4, 10-12. Plaintiff explains that all of the medical doctors he will be "forced to rely on" are employees of, or under contract with, the California Department of Corrections and Rehabilitations ("CDCR") and therefore may be biased or unwilling to cooperate with him.[2] Id. at 4. Additionally, Plaintiff declares that he is indigent and cannot afford to pay for a medical expert. Id. at 3.

Defendants oppose Plaintiff's motion arguing that (1) pursuant to 28 U.S.C. § 1915, the Court is not permitted to appoint an expert witness to aid an indigent litigant; (2) Plaintiff filed this motion after the deadline to designate experts had passed on March 2, 2018; and (3) there is no need for the appointment of an independent medical expert to assist the Court with a

---

[1] Plaintiff states that he had been prescribed permanent medical accommodation chronos "for pre-existing cervical damage and problems" consisting of lower bunk use since 2009 and a lifting restriction of twenty pounds since 2011. Mot. at 6-7.

[2] Defendants acknowledge that Plaintiff correctly noted that the defense has not designated a retained medical expert. Oppo. at 3. They state that the doctors who actually examined and treated Plaintiff will address the issues related to his injuries and treatment. Id.

straightforward Eighth Amendment claim. Oppo. at 1-3. Defendants also state that Plaintiff has access to medical testimony from doctors who treated him outside of the prison because he may subpoena them. Id. at 3.

In his Reply, Plaintiff argues that the deadline for parties to designate experts does not pertain to an independent expert appointed by the Court. Reply at 3. He also argues that the doctors outside the prison would only be able to testify as to limited matters pertaining to Plaintiff and that he cannot afford to secure their testimony because he is indigent and proceeding *in forma pauperis*. Id. at 3-4.

Rule 706 of the Federal Rules of Evidence authorizes the Court to appoint an independent expert. Such an appointment is within the discretion of the trial judge and may be appropriate when "scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or decide a fact in issue." See Torbert v. Gore, No. 14cv2911-BEN (NLS), 2016 WL 3460262, at *2 (S.D. Cal. June 23, 2016) (citation omitted); see also Armstrong v. Brown, 768 F.3d 975, 987 (9th Cir. 2014) ("A Rule 706 expert typically acts as an advisor to the court on complex scientific, medical, or technical matters."). An expert appointed pursuant to Rule 706 does not serve as an advocate for either party, and each party retains the ability to call its own experts. Fed. R. Evid. 706(e); Faletogo v. Moya, No. 12cv631-GPC (WMc), 2013 WL 524037, at *2 (S.D. Cal. Feb. 12, 2013) (Rule 706 "does not contemplate court appointment and compensation of an expert witness as an advocate for one of the parties."). "The *in forma pauperis* statute, 28 U.S.C. § 1915, does not authorize federal courts to appoint or authorize payment for expert witnesses for prisoners or other indigent litigants." Stakey v. Stander, No. 1:09-CV-00094-BLW, 2011 WL 887563, at *3 n.1 (D. Idaho Mar. 10, 2011); see also Dixon v. Ylst, 990 F.2d 478, 480 (9th Cir. 1993) ("The magistrate judge correctly ruled that 28 U.S.C. § 1915, the *in forma pauperis* statute, does not waive payment of fees or expenses for witnesses."). "Ordinarily, the plaintiff must bear the costs of his litigation, including expert expenses, even in *pro se* cases." Stakey, 2011 WL 887573, at *3 n.1.

In order to prevail on his Eighth Amendment claim, Plaintiff must show that Defendant Casian acted with deliberate indifference to his serious medical needs. See Estelle v. Gamble,

429 U.S. 97, 104-06 (1976). Such a claim has two elements: "the seriousness of the prisoner's medical need and the nature of the defendant's response to that need." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997). After reviewing the parties' briefing papers and the operative complaint, the Court finds that the issues in this case are not so complex that an expert witness is required to aid the fact finder.

First, the determination of whether there is a serious medical need depends on Plaintiff's testimony or records indicating the extent of his injuries and how his injuries impacted his daily life. See id. at 1059-60 ("The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a 'serious' need for medical treatment."). This is not a complex inquiry and does not require expert testimony on the "symptomology, causes, and treatments" of Plaintiff's medical problems.

Second, under the deliberate indifference element, "a person is liable for denying a prisoner needed medical care only if the person 'knows of and disregards an excessive risk to inmate health and safety.'" Gibson v. Cty of Washoe, Nev., 290 F.3d 1175, 1187-88 (9th Cir. 2002) (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994)). Because this inquiry focuses on the subjective state of mind of the medical provider, the Court finds that the assistance of an independent expert is unnecessary. See Torbert v. Gore, No. 14cv2911-BEN (NLS), 2016 WL 3460262, at *2 (S.D. Cal. June 23, 2016) ("[T]he question of whether the prison officials displayed deliberate indifference to [Plaintiff's] serious medical needs [does] not demand that the jury consider probing, complex questions concerning medical diagnosis and judgment." (citation omitted)); Stakey, 2011 WL 887573, at *3 ("While expert witnesses can help determine underlying scientific or complex medical issues when needed, they cannot help in the area of deliberate indifference, a required element of an Eighth Amendment claim.").

Third, the fact that Plaintiff's medical providers are CDCR employees or contractors and may be biased against Plaintiff does not justify the appointment of an independent expert. See

Arellano v. Hodge, No. 14cv590-JLS (JLB), 2017 WL 2692875, at *2 (S.D. Cal. June 22, 2017) (finding plaintiff's concern that defendant's expert will present biased testimony at trial is not a valid reason for the court to appoint an independent expert under Rule 706 because "[p]laintiff will have the opportunity to present evidence of bias on cross-examination"). Plaintiff may retain an expert or cross-examine the CDCR employees or contractors on that potential bias, but 28 U.S.C. § 1915 does not authorize payment for such an expert hired by Plaintiff, and the potential bias does not warrant appointment of an independent expert.

## CONCLUSION

For the reasons set forth above, the Court finds that an independent court-appointed medical expert is not appropriate for this case and **DENIES** Plaintiff's motion for such an appointment.

**IT IS SO ORDERED**.

Dated: 9/6/2018

Hon. Barbara L. Major
United States Magistrate Judge