UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID VINCENT CARSON,<br><br>Plaintiff,<br><br>v.<br><br>F. MARTINEZ, et al.,<br><br>Defendants. | Case No.: 16cv1736-JLS (BLM)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR THE APPOINTMENT OF AN INDEPENDENT HANDWRITING EXPERT**<br><br>**[ECF No. 56]** |

Currently before the Court is Plaintiff's "Motion for the Appointment of an Independent Handwriting Expert." ECF No. 56 ("Mot."). Having considered all of the briefing and supporting documents, and for the reasons set forth below, the Court **DENIES** Plaintiff's motion for appointment of an independent handwriting expert.

## **RELEVANT BACKGROUND**

On November 2, 2017, Plaintiff, a state prisoner proceeding *pro se* and *in forma pauperis*, filed a First Amended Complaint under 42 U.S.C. § 1983 against five correctional officers and one medical provider alleging violations of his constitutional rights. ECF No. 35 ("FAC"). Plaintiff alleges that on February 7, 2014, he suffered cruel and unusual punishment when (1) Defendants LaRocco and Silva used excessive physical force against him amounting to assault and battery and (2) Defendant Garcia failed to intervene and stop Defendants LaRocco and Silva and to report her observations to her supervisor as required under prison "policy, procedure and state law." Id. at 5-8 and 13. Plaintiff claims that on the morning of February 7, 2014, during breakfast, he noticed he was being watched by several correctional officers. Id. at 5. As he went to leave the eating area, another inmate whom Plaintiff had been eating with was stopped by Defendant Silva. Id. Defendant Silva then told Defendant LaRocco to get Plaintiff who stopped walking as directed. Id. at 6. At this point, Defendant Garcia stepped outside of the

1

chow hall and began observing Plaintiff and the other Defendants. Id. Defendant LaRocco ordered Plaintiff to "face workchange," place his hands behind his back, and interlace his fingers - all of which Plaintiff did. Id. Plaintiff alleges Defendant LaRocco then slammed his hand into Plaintiff's right shoulder and forced Plaintiff to the ground while stating "I got you now you fucking weasel." Id. At this time an announcement was made over the public address system telling everyone to get down as an alarm rang. Id. Despite Plaintiff telling Defendant LaRocco that he was trying to get down, but needed to move slowly due to his bad back and neck, Defendant LaRocco ordered Plaintiff to "Prone out." Id. At this moment, Defendant Silva tackled Plaintiff from the left, placed his knee in Plaintiff's back, and bounced up and down while wrenching Plaintiff's left arm toward the sky. Id. at 7. Defendant Silva continued bouncing and placed Plaintiff in restraints despite Plaintiff screaming that he was being hurt and knowing that Plaintiff was an inmate in the High Risk Medical Yard. Id.

## **DISCUSSION**

Plaintiff asks the Court to appoint an independent handwriting expert pursuant to Federal Rule of Evidence 706. Mot. at 1. In support, Plaintiff argues that the appointment "would greatly assist the court and jury and save much time [] by reducing redundant testimony and arguments concerning back and forth finger pointing, allegations of fraud and manufacturing evidence." Id. Plaintiff further argues that an independent handwriting expert would resolve an important factual dispute regarding a written admission from Defendant Garcia. Id. at 1-2 and Exh. A. The admission at issue is contained in an Inmate/Parolee Request for Interview, Item, or Service form from inmate David Florence regarding an incident that took place on February 7, 2014 outside of the dining hall and that is signed by D. Garcia. Id. at Exh. A. Plaintiff explains that the handwriting expert "would determine if the signature and hand written response by D. Garcia, is in fact written and signed by her personally, or is a forgery." Id. at 2. To do this, Plaintiff anticipates that the handwriting expert would

> 1) collect handwriting exemplars from defendant Garcia, plaintiff Carson, and third party proponent David Florence (CDCR # H-42260); 2) collect past samples of

> defendant Garcia's signature signed to posting logs or other documents in CDCR's possession; 3) compare all three person's samples collected to that on the document in question; 4) determine by scientific comparison who, in their professional opinion, is the writer of the document; [and] 5) file a report of his/her findings and opinions to the court[.]

Id. at 9. This would allow the Court "to make any appropriate orders including, but not limited to sanctions, contempt, or special instructions for trial, or whatever is deemed fair and just in this case, in the interests of justice." Id. Plaintiff notes that he does not know where to begin looking for a handwriting expert and that he is indigent and cannot afford to pay for a handwriting expert. Id. at 3.

Rule 706 of the Federal Rules of Evidence authorizes the Court to appoint an independent expert. Such an appointment is within the discretion of the trial judge and may be appropriate when "scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or decide a fact in issue." See Torbert v. Gore, No. 14cv2911-BEN (NLS), 2016 WL 3460262, at *2 (S.D. Cal. June 23, 2016) (citation omitted); see also Armstrong v. Brown, 768 F.3d 975, 987 (9th Cir. 2014) ("A Rule 706 expert typically acts as an advisor to the court on complex scientific, medical, or technical matters."). An expert appointed pursuant to Rule 706 does not serve as an advocate for either party, and each party retains the ability to call its own experts. Fed. R. Evid. 706(e); Faletogo v. Moya, No. 12cv631-GPC (WMc), 2013 WL 524037, at *2 (S.D. Cal. Feb. 12, 2013) (Rule 706 "does not contemplate court appointment and compensation of an expert witness as an advocate for one of the parties."). "The *in forma pauperis* statute, 28 U.S.C. § 1915, does not authorize federal courts to appoint or authorize payment for expert witnesses for prisoners or other indigent litigants." Stakey v. Stander, No. 1:09-CV-00094-BLW, 2011 WL 887563, at *3 n.1 (D. Idaho Mar. 10, 2011); see also Dixon v. Ylst, 990 F.2d 478, 480 (9th Cir. 1993) ("The magistrate judge correctly ruled that 28 U.S.C. § 1915, the *in forma pauperis* statute, does not waive payment of fees or expenses for witnesses."). "Ordinarily, the plaintiff must bear the costs of his litigation, including expert expenses, even in *pro se* cases." Stakey, 2011 WL 887573, at *3 n.1.

In order to prevail on his Eighth Amendment claim due to Defendant Garcia's alleged

failure to intervene, Plaintiff must show a causal link between Defendant Garcia's alleged inaction and the deprivation of his right to be free from cruel and unusual punishment. Plaintiff must show that Defendant Garcia knew or could reasonably infer that Plaintiff's rights were being violated and that her inaction is linked to Plaintiff's injuries. See Garcia v. Grimm, No. 06cv0225 WQH (PCL), 2007 WL 2778360, at *7 (S.D. Cal. Sept. 20, 2007) ("an officer has a duty to act reasonably on behalf of a prisoner if he knows or can reasonably infer that other officers are using excessive force against that prisoner. However, there must be a causal link between an officer's inaction and the plaintiff's injuries or deprivation of a constitutional right."). After reviewing the motion and the operative complaint, the Court finds that the appointment of an independent handwriting expert is not warranted.

First, Petitioner has not established the relevance to this case of the Inmate/Parolee Request for Interview, Item, or Service form submitted by Mr. Florence and allegedly signed by Defendant Garcia. While Plaintiff may argue that Defendant Garcia's signature on the document shows that Defendant Garcia was present during Plaintiff's alleged assault, her presence in the general area of the assault does not prove that she observed the assault or engaged in any unconstitutional conduct. Id. at 6 and Exh. B. Gilman v. Amos, 445 F. App'x 860, 864 (7th Cir. 2011)(finding that the district court did not abuse its discretion in refusing to appoint a handwriting expert to prove that signatures on plaintiff's medical records were forged and noting that "[a] court does not abuse its discretion by declining to appoint an expert if the moving party has not shown that the expert is necessary to prove its case.") (citing Ledford v. Sullivan, 105 F.3d 354, 359 (7th Cir. 1997)); see also Sanders v. Lewis County Jail, No. C07-5001 FDB/KLS, 2007 WL 1430273, at *1-2 (W.D. Wash. May 14, 2007) (denying plaintiff's motion for a handwriting expert where plaintiff could establish the fact of a forgery through witness testimony or medical records); and Williams v. Thornton, No. 1:06–cv–01535–SKO PC, 2010 WL 2605210, at *1 (E.D. Cal. June 28, 2010) (denying plaintiff's request for appointment of a handwriting expert without the prepayment of costs and noting that "[p]laintiff is not a criminal defendant, and has not cited to any statute or case authority that states he is entitled to the services of a court-appointed handwriting expert in his civil lawsuit.") (citing Tedder v. Odel, 890 F.2d 210,

4

211–12 (9th Cir.1989) ("The Supreme Court has declared that 'the expenditure of public funds [on behalf of an indigent litigant] is proper only when authorized by Congress....' ")).

Second, it is not clear that Defendant Garcia is denying signing the document. Plaintiff interprets Defendant Garcia's allegedly inadequate discovery responses to requests relating to her handwriting, Mr. Florence, and the Inmate/Parolee Request for Interview, Item, or Service form, as a denial of the document or its authenticity. However, Plaintiff does not provide evidence that Defendant Garcia specifically denies having signed the document. Plaintiff's speculation is not a sufficient basis for the Court to appoint a handwriting expert. FAC at 4 ("I also believe that her refusal to acknowledge the document [in discovery responses], or contest it[s] authenticity portends her intention of denying it at trial and making it an issue clouded by he-say she-say."). Similarly, it is not clear at this time that Defendant Garcia denies being in the location Plaintiff claims or the location set forth in the identified form.

Third, even if the parties disagree as to whether Defendant Garcia observed the allegedly unconstitutional conduct, creating the "he said/she said" situation described by Plaintiff, the dispute is not complex or technical and does not warrant the appointment of an independent expert. Plaintiff, of course, may retain a handwriting expert if he so desires.

Finally, the Court notes that Plaintiff's request for an independent expert to assist the jury is premature as the Court has not yet set a trial date.

## **CONCLUSION**

For the reasons set forth above, the Court finds that an independent court-appointed handwriting expert is not appropriate for this case and **DENIES** Plaintiff's motion for such an appointment.

**IT IS SO ORDERED**.

Dated: 9/28/2018

Hon. Barbara L. Major
United States Magistrate Judge