# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID VINCENT CARSON, CDCR #J-19886,<br><br>Plaintiff,<br><br>v.<br><br>F. MARTINEZ, et al.<br><br>Defendants. | Case No.: 16-CV-1736 JLS (BLM)<br><br>**ORDER: (1) OVERRULING PLAINTIFF'S OBJECTIONS; (2) ADOPTING REPORT AND RECOMMENDATION; AND (3) GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>(ECF Nos. 63, 83, 87) |

Presently before the Court is Defendants D. Garcia, F. Martinez, and G. Casian's Motion for Summary Judgment (ECF No. 63). Magistrate Judge Barbara L. Major submitted a Report and Recommendation ("R&R," ECF No. 83) recommending Defendants' Motion be Granted in Part and Denied in Part. Plaintiff David Vincent Carson submitted Objections to the R&R ("Objs.," ECF No. 87), and Defendants submitted a Reply to those Objections (ECF No. 88).

## BACKGROUND

Judge Major's R&R contains a complete and accurate recitation of the relevant factual and procedural history underlying Plaintiff's claims and Defendants' Motion.

*See generally* R&R. This Order incorporates by reference the background as set forth therein.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1) set forth a district court's duties in connection with a magistrate judge's R&R. The district court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 673–76 (1980). In the absence of a timely objection, however, the Court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note (citing *Campbell v. U.S. Dist. Ct.*, 501 F.2d 196, 206 (9th Cir. 1974)).

**ANALYSIS**

Defendants' Motion for Summary Judgment argues that "(1) Defendant Garcia is 'entitled to summary judgment as to Plaintiff's failure-to-protect claim because she did not witness or participate in the force incident[,]' (2) Defendant Martinez is entitled to summary judgment 'because Plaintiff's retaliation claim is barred by the favorable determination doctrine[,]' and (3) Defendant Casian is entitled to summary judgment because 'Plaintiff's constant and progressive medical care' does not demonstrate that she was deliberately indifferent to [Plaintiff's] medical needs." R&R at 2 (citing MSJ).

Magistrate Judge Major recommends the Court (1) deny Defendants' Motion as to Plaintiff's Eighth Amendment failure-to-protect claim against Defendant Garcia, (2) grant Defendants' Motion as to Plaintiff's First Amendment retaliation claim against Defendant Martinez as it pertains to conduct underlying the Rules Violation Report ("RVR") prepared by Defendant Martinez, but deny the Motion to the extent the claim is based upon conduct unrelated to the RVR, and (3) grant Defendants' motion as to Plaintiff's Eighth Amendment deliberate indifference claim against Defendant Casian. *See generally* R&R.

The Parties have not objected to Magistrate Judge Major's R&R as it pertains to the claims against Defendant Martinez and Defendant Garcia. The Court finds the R&R is well reasoned and contains no clear error and therefore **ADOPTS** the R&R in its entirety as it pertains to these claims.

Plaintiff has objected to the R&R as it pertains to the claim against Defendant Casian. First, Plaintiff objects to Magistrate Judge Major's conclusion that "[e]ven viewing all of the evidence in the light most favorable to Plaintiff, Plaintiff has not presented evidence creating a triable issue of fact as to whether Defendant Casian was deliberately indifferent to Plaintiff's serious medical needs." R&R at 26. Plaintiff argues that Magistrate Judge Major misconstrued the evidence it relied on in reaching her conclusion and that the evidence and relevant case law supports his claim that the delay in receiving the medical care he requested creates a triable issue of fact. Objs. at 1–11.

Second, Plaintiff objects to Magistrate Judge Major's conclusion that "there is no evidence to support Plaintiff's claim that Defendant Casian terminated all of Plaintiff's accommodation chronos." R&R at 30. Plaintiff argues that, contrary to Magistrate Judge Major's findings, the medical records show that Defendant Casian "arbitrarily and capriciously, based on personal animosity, canceled [the medical chronos] before they were set for 'annual review.'" Objs. at 12.

After a *de novo* review of the R&R's reasoning, the record evidence, and applicable legal authorities, the Court concludes it must agree with Magistrate Judge Major's recommendations. With regard to Plaintiff's claim that Defendant Casian delayed medical treatment, the Court agrees that, at most, the evidence shows a difference of opinion between Plaintiff and Defendant Casian regarding the appropriate medical treatment. *See Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989) ("A difference of opinion does not amount to a deliberate indifference to [plaintiff's] serious medical needs.").

As for Plaintiff's claim that Defendant Casian terminated Plaintiff's chronos, the Court agrees that there is no evidence to support Plaintiff's claim. *See* R&R at 30. To the extent Plaintiff argues that Defendant Casian violated his Eighth Amendment rights by

limiting the duration of the lower bunk chronos, the Court finds this argument equally without merit. "[A]t most, it could be considered a difference of opinion between Plaintiff and Defendant Casian as to the appropriate length of the limitation." *Id.* at 31 (citing *Singleton v. Lopez*, 577 F. App'x 733, 735 (9th Cir. 2014)). The Court therefore **ADOPTS** the R&R as it pertains to these claims.

## CONCLUSION

After reading the R&R and conducting a *de novo* review of those portions to which Plaintiff objected, the Court must agree with Magistrate Judge Major's sound reasoning. Accordingly, the Court (1) **OVERRULES** Plaintiff's Objections (ECF No. 87), (2) **ADOPTS** the R&R in its entirety, and (3) **GRANTS IN PART AND DENIES IN PART** Defendants' Motion for Summary Judgment (ECF No. 63). Specifically, the Court (1) **DENIES** Defendants' Motion as to Plaintiff's failure-to-protect claim against Defendant Garcia, (2) **GRANTS** Defendants' Motion as to Plaintiff's First Amendment retaliation claim against Defendant Martinez to the extent it is based upon to conduct underlying the RVR and **DENIES** the Motion as to Plaintiff's retaliation claim against Defendant Martinez to the extent it is based upon conduct unrelated to the RVR, and (3) **GRANTS** Defendants' Motion as to Plaintiff's deliberate indifference claim against Defendant Casian.

**IT IS SO ORDERED.**

Dated: September 3, 2019

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge