UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID VINCENT CARSON,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>F. MARTINEZ, et al.,<br><br>　　　　　　　　　　　Defendants. | Case No.: 16cv1736-JLS (BLM)<br><br>**ORDER RESETTING PRETRIAL DEADLINES** |

  On January 31, 2019, Defendants filed an Ex Parte Application to Modify Scheduling Order by Vacating Pretrial Dates. ECF No. 75. Defendants sought to vacate the remaining pretrial dates in light of the then pending motion for summary judgment [see ECF No. 63] and Mandatory Settlement Conference scheduled for May 1, 2019. Id. at 1. Defendants stated that there was good cause for their request because the "case [wa]s not fully at issue due to Defendants' pending summary-judgment motion" and that "[i]t would be difficult to prepare [for the remaining pretrial events] without knowing which claims, Defendants, evidence, and legal issues [we]re still at issue." Id. at 2.

  On February 1, 2019, the Court issued an order granting Defendants' request and vacated

the remaining pretrial deadlines for pretrial disclosures, memoranda of contentions of fact and law, meeting and conferring, preparing and exchanging the draft pretrial conference order, lodging the final pretrial conference order, and the final pretrial conference. ECF No. 76. Defendants were ordered to contact Judge Major's chambers after the Court's ruling on the motion summary judgment [ECF No. 63] so that the Court could reset the remaining deadlines. Id. On September 3, 2019, the Court granted in part and denied in part Defendants' motion for summary judgment. ECF No. 91. In light of Judge Sammartino's order, the Court resets the remaining pretrial deadlines as follows:

1. Counsel shall file their Memoranda of Contentions of Fact and Law and take any other action required by Local Rule 16.1(f)(2) by **November 21, 2019**.

2. Counsel shall comply with the pre-trial disclosure requirements of Fed. R. Civ. P. 26(a)(3) by **November 21, 2019**. Failure to comply with these disclosure requirements could result in evidence preclusion or other sanctions under Fed. R. Civ. P. 37.

3. Counsel shall meet and take the action required by Local Rule 16.1(f)(4) by **November 29, 2019**. At this meeting, counsel shall discuss and attempt to enter into stipulations and agreements resulting in simplification of the triable issues. Counsel shall exchange copies and/or display all exhibits other than those to be used for impeachment. The exhibits shall be prepared in accordance with Local Rule 16.1(f)(4)(c). Counsel shall note any objections they have to any other parties' Pretrial Disclosures under Fed. R. Civ. P. 26(a)(3). Counsel shall cooperate in the preparation of the proposed pretrial conference order.

4. Counsel for plaintiff will be responsible for preparing the pretrial order and arranging the meetings of counsel pursuant to Civil Local Rule 16.1(f). By **December 5, 2019**, plaintiff's counsel must provide opposing counsel with the proposed pretrial order for review and approval. Opposing counsel must communicate promptly with plaintiff's attorney concerning any objections to form or content of the pretrial order, and both parties shall attempt promptly to resolve their differences, if any, concerning the order.

5. The Proposed Final Pretrial Conference Order, including objections to any other parties' Fed. R. Civ. P. 26(a)(3) Pretrial Disclosures shall be prepared, served and lodged with

the assigned district judge by **December 12, 2019**, and shall be in the form prescribed in and comply with Local Rule 16.1(f)(6).

6. The final Pretrial Conference is scheduled on the calendar of the Honorable Janis L. Sammartino on **December 19, 2019** at **1:30 p.m.**

**IT IS SO ORDERED**.

Dated: 9/18/2019

Hon. Barbara L. Major
United States Magistrate Judge