UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID VINCENT CARSON, CDCR #T-30386,<br><br>                            Plaintiff,<br><br>        vs.<br><br>F. MARTINEZ, et al.,<br><br>                          Defendants. | Case No.: 3:16-cv-01736-JLS-BLM<br><br>**ORDER GRANTING MOTION TO APPOINT PRO BONO COUNSEL PURSUANT TO 28 U.S.C. § 1915(e)(1) AND S.D. CAL. GEN. ORDER 596**<br><br>(ECF No. 94) |

Plaintiff David Vincent Carson, a prisoner currently incarcerated at the Correctional Training Facility ("CTF") in Soledad, California, is proceeding pro se and has been granted leave to proceed *in forma pauperis* in this civil action filed pursuant to 42 U.S.C. § 1983. (*See* ECF No. 3.)

**BACKGROUND**

Currently pending before the Court is Carson's Amended Complaint ("FAC") which alleges constitutional violations against several correctional officials employed at Richard J. Donovan Correctional Facility in San Diego. (*See* FAC, ECF No. 35.) On September 3, 2019, the Court granted in part and denied in part a motion for summary judgment brought on behalf of Defendants Garcia, Martinez, and Casian. (*See* ECF No. 83.)

On October 18, 2019, Carson filed a Motion to Appoint Counsel, and requesting the Court consider his need for assistance in light of the upcoming trial. (*See* ECF No. 94.)

## DISCUSSION

Although there is no right to counsel in a civil action, a court may under "exceptional circumstances" exercise its discretion and "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1); *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). The court must consider both "'the likelihood of success on the merits as well as the ability of the [Plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" *Id.* (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)).

While Carson has so far demonstrated an ability to articulate his claims, amend his pleading, engage in discovery, and to partially survive summary judgment while proceeding without counsel, his likelihood of success on the merits—at least with respect to his retaliation, excessive force, and failure to protect claims—increased as a result of the Court's September 3, 2019 summary judgment Order. *Cf. Garcia v. Smith*, 2012 WL 2499003, at *3 (S.D. Cal. 2012) (finding it "too early to determine the likelihood of success on the merits" when it was "not certain whether plaintiff's complaint would survive [defendant's pending motion for] summary judgment.").

In light of the impending trial, the Court has elected to exercise its discretion pursuant to 28 U.S.C. § 1915(e)(1), and has requested volunteer pro bono counsel for purposes of representing Carson at trial and during any further proceedings before the Court in this case under the provisions of this Court's "Plan for the Representation of Pro Bono Litigation in Civil Case filed in the Southern District of California," and General Order 596. The Pro Bono Plan specifically provides for appointment of pro bono counsel "as a matter of course for purposes of trial in each prisoner civil rights case where summary judgment has been denied." *See* S.D. Cal. Gen. Order 596. Plaintiff qualifies for a pro bono referral under the Plan because he is an indigent prisoner, and summary judgment has been partially denied. (*See* ECF Nos. 3, 91.) Thus, because the Court finds the ends of

2

3:16-cv-01736-JLS-BLM

justice would be served by the appointment of pro bono counsel under the circumstances, it referred Carson's case to a volunteer lawyer on the Court's Pro Bono Panel. On November 18, 2019, that volunteer graciously agreed to represent Carson pro bono during the course of all further proceedings held before this Court in this case. *See* S.D. Cal. Gen. Order 596.

## CONCLUSION & ORDER

For the foregoing reasons, the Court **GRANTS** Carson's Motion for Appointment of Counsel pursuant to 28 U.S.C. § 1915(e)(1) (ECF No. 94) and **APPOINTS** James D. Crosby, Esq., SBN 110383, 550 West C Street, Suite 790, San Diego, California, 92101, as Pro Bono Counsel to represent him.

Pursuant to S.D. Cal. CivLR 83.3.f.2, Pro Bono Counsel must file, within fourteen (14) days of this Order, if possible and in light of Carson's incarceration at CTF, a formal written Notice of Substitution of Attorney signed by both Carson and his newly appointed counsel. This Notice of Substitution will be considered approved by the Court upon filing, and Pro Bono Counsel will thereafter be considered attorney of record for Carson for all purposes *during further proceedings before this Court, in this matter only, and at the Court's specific request*. *See* S.D. Cal. CivLR 83.3.f.1, 2.[1]

///

///

---

[1] Carson is cautioned, however, that the Court's Pro Bono Panel is a precious and limited resource. The fact that the Court has found this case suitable for appointment at this stage of the proceedings, and has been able to locate an available volunteer attorney does not entitle him to the appointment of counsel in this or any other case. Nor does it permit Carson an attorney of his choosing, or guarantee him any subsequent Pro Bono Panel referral or appointment. *See Hedges v. Resolution Tr. Corp*, 32 F.3d 1360, 1363 (9th Cir. 1994) ("[T]here is no absolute right to counsel in civil proceedings.") (citation omitted); *United States ex rel Gardner v. Madden*, 352 F.2d 792, 793 (9th Cir. 1965) (noting that the appointment of counsel in a civil case "is a privilege and not a right.").

1 | The Court further **DIRECTS** the Clerk of the Court to serve Mr. Crosby with a
2 | copy of this Order at the address listed above upon filing. *See* S.D. Cal. CivLR 83.3.f.2.
3 | **IT IS SO ORDERED**.
4 | Dated: November 21, 2019

*[Signature]*
Hon. Janis L. Sammartino
United States District Judge

4

3:16-cv-01736-JLS-BLM